IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE L. CARTER, B06938, | |
| Plaintiff, | Case No. 24-cv-01766-SPM |
| v. | |
| KYLE NAPP, MORGAN HUDSON, and MADISON COUNTY CIRCUIT COURT, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Willie L. Carter, an inmate of the Illinois Department of Corrections (IDOC), currently detained at Menard Correctional Center, has filed the present complaint challenging aspects of his criminal proceedings under 42 U.S.C. § 1983. (Doc. 1). Specifically, Plaintiff alleges that the state court judge and prosecutor did not properly handle his mental fitness to stand trial, which has resulted in his improper placement in prison.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i-iii). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Throughout the Complaint, Plaintiff alleges that his current detention has placed him in imminent danger of serious harm. He faults the Madison County Circuit Court for violating his rights under the Fourth, Eighth, and Fourteenth Amendments, as well as various Illinois statutes. Specifically, he contends that he should have been afforded a fitness hearing, but instead he was denied process and was "sent to prison to be killed." (Doc. 1 at 8). In support of his complaint, he submitted a letter from Equip for Equality wherein there is a discussion of his queries regarding a proper fitness hearing for his criminal case. The author of the letter indicated that after further investigating his criminal case, they discovered that the state court found he did not meet the standard for a full fitness hearing and/or that he was fit to stand trial, though ultimately, he pled "guilty but mentally ill." (Doc. 1 at 5). Plaintiff also attached a one-page excerpt of his criminal docket sheet, with various items underlined. (Doc. 1 at 6). As relief, he seeks to be "taken out of this harmful illegal detention of imprisonment or appointed immediate help legally before [he's] killed in Menard C.C.[.]" (Doc. 1 at 9). He also seeks compensation.

## ANALYSIS

Plaintiff's complaint fails to state a claim for several reasons. Most significantly, Plaintiff cannot proceed to the extent he is attempting to undermine his conviction in state court. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff does not directly challenge his conviction, but he implies such a challenge by arguing that he was never given a proper fitness hearing and that he was sent to prison illegally. An individual cannot use a Section 1983 action to challenge the fact or duration of his confinement. *Wilkinson v. Dotson,* 544 U.S. 74, 77 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration' of his confinement."). It is possible Plaintiff could raise challenges to his confinement in state court proceedings or a federal habeas proceeding, but he cannot present the challenges in this Section 1983 action.

Additionally, Plaintiff named defendants without describing their personal actions, as is required under Section 1983. *See e.g., Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). And the individual defendants, a judge and prosecutor, are likely immune for any action they took in association with Plaintiff's criminal prosecution. *See e.g., Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (a prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his or her prosecutorial duties); *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (absolute judicial immunity shields judicial actors from liability for civil damages arising out of the performance of their judicial functions). Finally, Plaintiff named the Madison County Court, but the Court itself is not a suable entity in this context. *See e.g., Pyles v. Madison Cty. Court*, 2023 WL 8282087 at *2 (S.D. Ill. Nov. 30, 2023) (collecting cases for the proposition that a county court is not a suable entity under § 1983). Thus, even if Plaintiff could state a Section 1983 claim that did not attack his criminal conviction, the individuals and entity he has named in this case would not be subject to such a claim.

Finally, Plaintiff mentions a few provisions of Illinois law, but the Court declines to exercise supplemental jurisdiction over any such claim absent a valid federal claim. 28 U.S.C. § 1367(c).

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to state a viable claim in his complaint. Though leave to amend is given freely in *pro se* cases, the Court is not required to grant leave to amend if an amendment would be futile. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a district court may deny leave to amend where an amendment would be futile). At present, there is no valid claim that Plaintiff could plead in this

Section 1983 lawsuit related to the facts he has described, so any amendment would be futile. Therefore, no leave to amend will be granted.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) will also be denied because even with the benefit of counsel, there are no valid claims that could be formulated on the facts presented against the named defendants.

## DISPOSITION

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for the reasons stated above. No leave to amend is granted. This dismissal does not preclude Plaintiff from bringing a state or federal claim in a newly filed action. Plaintiff's Motion for Counsel (Doc. 3) is **DENIED**.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 1, 2024**

                                                                 _s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**